**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**MARQUIS DEWAYNE JONES**                                                              **PETITIONER**

**VS.**                       **NO. 4:07-CR-00283-01-GTE**
                              **(4:11-CV-00402-GTE)**

**UNITED STATES OF AMERICA**                                                            **RESPONDENT**

**ORDER**

Before the Court is Petitioner Marquis Dwayne Jones's Motion to Vacate, Set Aside Conviction and Sentence, or Correct Sentence, pursuant to 28 U.S.C. § 2255, filed *pro se* on May 12, 2011. The Government responded on July 15, 2011. For the reasons explained below, the Court concludes that Petitioner's motion must be denied.

**I.     BACKGROUND**

On September 5, 2007, Petitioner was indicted for felon in possession (Count 1) and possession with intent to distribute a controlled substance (Count 2). On January 18, 2008, Petitioner pled guilty to Count 1. Count 2 was dismissed on the Government's motion.

At the sentencing hearing, the Court sentenced Petitioner to 82 months imprisonment, three years supervised release, and a $100 special penalty assessment. Judgement was entered on July 30, 2008, the same day as the sentencing hearing. No appeal was filed.

Petitioner waited until May 12, 2011, to seek collateral review of his sentence.

**II.    PETITIONER'S MOTION IS UNTIMELY**

For federal prisoners, section 2255 establishes a one-year limitations period for seeking collateral relief "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to

collateral attack." 28 U.S.C. § 2255(a). The statute provides for four alternatives for measuring the one-year period, but only two are potentially applicable here.

The one-year limitations period started from either: (1) "the date on which the judgment of conviction" became final; or (2) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(1) and (f)(3).

Petitioner recognizes that his motion is filed more than one year after the judgment became final, but he contends he should be excused from the late filing because he is relying upon a newly recognized right within the meaning of § 2255(f)(3).[1] Section 2255(f)(3) creates a one-year filing period for newly recognized rights "made retroactively applicable to cases on collateral review."

Petitioner relies upon *Sun Bear v. United States*, 611 F.3d 925 (8th Cir. 2010), decided on July 20, 2010. In the initial panel decision in *Sun Bear*, the Eighth Circuit held that the rule announced in *Begay v. United States*, 553 U.S. 137 (2008),[2] was a new substantive rule to be applied retroactively to cases on collateral review. In *Sun Bear*, the parties agreed that the defendant was not a career offender in light of *Begay* and that *Begay* was retroactive. *Sun Bear*, 611 F.3d at 927. The *Sun Bear* panel decision found that the sentencing error in the case – the

---

[1] Petitioner seems to assume that if any of his claims are timely filed, then all claims asserted, even those that would otherwise be untimely, might be heard. This issue does not appear to have been addressed in the Eighth Circuit. However, such an approach has been rejected in the Third and Sixth Circuits, where the commencement of the limitations period is analyzed on a claim-by-claim basis. See *Fielder v. Varner*, 379 F.3d 113, 118 (3d Cir. 2004) (finding prosecutorial misconduct claim untimely for failure to file within one year of finality of conviction, even though permitting later accruing claim in same petition to proceed); *Bachman v. Bagley*, 487 F.3d 979, 983-84 (6th Cir. 2007) (limitations period on claim involving petitioner's designation as a sexual predator began running when direct appeal of claim concluded; limitations period was not restarted as to other conviction or sentencing claims).
  Since none of Petitioner's claims are timely filed, it is unnecessary to address this issue.

[2] In *Begay*, the United States Supreme Court rejected the characterization of a driving under the influence conviction as a violent felony for purposes of the Armed Career Criminal Act ("ACCA"). *Begay*, 553 U.S. at 148.

2

district court's incorrect application of the career offender sentencing guideline – could be a miscarriage of justice justifying § 2255 relief.  This decision, however, was vacated on rehearing when the Eighth Circuit announced its *en banc* decision on July 12, 2011.  *Sun Bear v. United States*, 611 F.3d 925 (8th Cir. 2010), vacated on rehearing *en banc*, __ F.3d __, 2011 WL 2683183  (8th Cir. July 12, 2011).

In the *Sun Bear* decision, the full Eighth Circuit disagreed with the panel decision that the error in guideline interpretation was a miscarriage of justice cognizable under § 2255.  *Sun Bear*, 2011 WL 2683183, at *4.  Noting that the sentence imposed was within the statutory maximum for the offense of conviction (which was not altered by application of the ACCA), within the initial guidelines range of 292-365 months, and that the same sentence could be reimposed if § 2255 relief were granted, the Court held that there was no potential miscarriage of justice at issue in the case, assuming that *Begay* applies retroactively to career offender decisions under the Guidelines.[3]  As the court noted, "this court and our sister circuits have consistently held 'that ordinary questions of guideline interpretation falling short of the miscarriage of justice standard do not present a proper 2255 claim.'"  *Id*., at *3 (omitting citations and internal quotes).  The *Sun Bear en banc* decision suggests that Petitioner's complaints about the computation of his guideline range likely would not be cognizable under § 2255 even if his motion had been timely filed.

Petitioner's motion was not timely filed, however, even assuming *Begay* applies retroactively (which is not entirely clear after the *en banc Sun Bear* decision) and that Petitioner has a legitimate *Begay*-based argument (it appears that he does not for the reasons well stated by the United States in its response).  Section 2255(f)(3) states that the one year limitations period begins on "the date on which the right asserted was initially recognized by the Supreme Court."  The Supreme Court has clarified that the statute means what it says and  rejected the argument

---

[3] The *en banc* panel specifically declined to resolve the issue of whether *Begay* was a "right . . . newly recognized by the Supreme Court" within the meaning of 28 U.S.C. § 2255(f)(3).  *Id*., at *2.

3

that 2255(f)(3)'s limitations period should start when the right asserted is made retroactive. *Dodd v. United States*, 545 U.S. 353 (2005).  The United States Supreme Court decided *Begay* on April 16, 2008.

Petitioner's § 2255 motion, filed on May 11, 2011, was filed approximately two years and nine months after the Judgment became final in this case[4] and more than three years after the *Begay* decision was announced.  Thus, Petitioner's request for collateral review was filed outside the one-year limitations period, whether or not § 2255(f)(1) or (f)(3) is used to assess timeliness.

Petitioner offers no explanation for his untimely filing.  In fact, he specifically asserts that he was aware of *Begay* before the sentencing hearing and asked his counsel to object "to the enhancement increase pursuant to § 2k2.1."[5]  Despite this awareness, he failed to timely present his grievances to the Court.  There are no facts before the Court to justify excusing Petitioner's failure to seek timely post-conviction relief.

### III.    CONCLUSION

For the reasons herein stated,

IT IS HEREBY ORDERED THAT Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, be and it is hereby, DENIED.  Because Petitioner Jones has failed to make a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED this   3rd   day of August, 2011.

                                           /s/Garnett Thomas Eisele
                                           UNITED STATES DISTRICT JUDGE

---

[4] Because Petitioner did not appeal, the judgment of conviction became final on August 11, 2008, ten days (excluding weekends) after the entry of Judgment.  See *Wims v. United States*, 225 F.3d 186, 190 (2nd Cir. 2000) (conviction becomes final on the day the time to appeal expires).

Currently, Defendants have 14 days to file an appeal of their criminal conviction.  *See* Fed. R. App. P. 4 (b)(1)(A) (as amended December 1, 2009).

[5] Petitioner's memorandum at p. 5.